PHILIP I. PERSON (SBN 281496)
TAYANAH C. MILLER (SBN 299123)
KHUSHPREET K. CHOUMWER (SBN 355576)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Email: personp@gtlaw.com
Email: millerta@gtlaw.com
Email: khushpreet.choumwer@gtlaw.com

*Attorneys for Defendant*
INTUIT INC.

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN YOON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>INTUIT, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT INTUIT INC. TO U.S. DISTRICT COURT**<br><br>*[Filed concurrently with Declaration of Scott Zienty in Support of Defendant's Notice of Removal and Declaration of Philip I. Person in Support of Defendant's Notice of Removal.]*<br><br>[Removed from the Superior Court of the State of California for the County of Santa Clara, Case No. 24CV446657.]<br><br>State Complaint Filed: September 4, 2024 |

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Intuit Inc. ("Defendant"), contemporaneously with the filing of this Notice of Removal ("Notice"), seeks to remove the below-referenced action from the Superior Court in the State of California for the County of Santa Clara to the United States District Court for the Northern District of California. This Notice is filed concurrently with the Declaration of Scott Zienty in Support of Defendant's Notice of Removal and Declaration of Philip I. Person in Support of Defendant's Notice of Removal.

This action is removed pursuant to procedures set forth in 28 U.S.C. sections 1331, 1332, 1367, 1441 and 1446, because: (1) Plaintiff John Yoon's ("Plaintiff") lawsuit presents a federal question by alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*; and (2) this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

## I.   INTRODUCTION

Federal law permits removal of a civil action to a federal district court when, relevant here: (1) a plaintiff's complaint alleges a federal question or (2) the parties to the complaint are citizens of diverse states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a); *id.* § 1441(a); *id.* § 1446(b). Both bases for removal exist here.

## II.   BACKGROUND FACTS

On September 4, 2024, Plaintiff filed a Complaint in *John Yoon v. Intuit, Inc.; and DOES 1-10*, Superior Court of California, County of Santa Clara, Case No. 24CV446657. *See* Declaration of Philip I. Person ISO Notice of Removal ("Person Decl."), ¶ 2. Plaintiff's Complaint alleges: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code section 12940 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12112 *et seq.*; (2) failure to accommodate in violation of FEHA and ADA; (3) retaliation for taking leave under the Family and Medical Leave Act ("FMLA") in violation of FMLA, 29 U.S.C. § 2615 *et seq.*, and FEHA; and (4) wrongful termination in violation of public policy.

On March 24, 2025, Plaintiff served the Summons, Complaint, and Notice of Case Management Conference, and the Alternative Dispute Resolution Information packet on Defendant via its designated agent, CSC Global. *See* Person Decl., ¶ 3. As required by 28 U.S.C. section 1446(a), Defendant has attached hereto a copy of all process, pleadings, and orders served upon it, including the Complaint, Summons, Notice of Hearing Case Management Conference, Civil Case Cover Sheet, and Defendant's Case Management Conference Statement, filed in the Superior Court, County of Santa Clara, are attached hereto as Exhibit "B" to Person Decl. ¶ 5, **Exh. B**.

### III. REMOVAL IS PROPER.

#### A. PLAINTIFF'S LAWSUIT PRESENTS A FEDERAL QUESTION.

Plaintiff's claims are removable under 28 U.S.C. § 1331. Section 1331 permits removal to a federal district court when the plaintiff pleads a cause of action that "aris[es] under the Constitution, laws, or treaties of the United States."

Plaintiff's Complaint alleges the Defendant violated the FMLA. *See* Complaint. This is a law of the United States. *See* 29 U.S.C. § 2615 *et seq*. This action is removable for this reason alone. *See e.g.*, *Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1139 (S.D. Cal. 2018) (holding that the district court had federal question jurisdiction as a basis for removal because the plaintiff alleged violations of the FMLA).

#### B. THE PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

Plaintiff's Complaint is removable for another reason: this Court has diversity jurisdiction. Federal district courts have diversity jurisdiction over civil actions that involve parties who are citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). Diversity of citizenship exists so long as no plaintiff is the citizen of the same state as any defendant, disregarding Doe defendants, both at the time the action was filed and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1331 (9th Cir. 2002); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998). These elements are met here.

##### 1. The Parties are Diverse.

A person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his or

her domicile, but this can be alleged on information and belief. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Corporations, by contrast, are "deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Plaintiff and Defendant are citizens of different states. Although Plaintiff alleges that he resides in Santa Clara, California, *see* Complaint, ¶ 1, Defendant is informed and believes that Plaintiff is a citizen of the State of Texas, not California. *See* Declaration of Scott Zienty ISO Notice of Removal ("Zienty Decl."), ¶ 4; *see also* Person Decl. ¶¶ 4, 5, **Exh. A**, a true and correct copy of Plaintiff's LinkedIn Profile. Plaintiff told Defendant that he became a resident of Texas on or around December 1, 2023, to be with his family. *See* Zienty Decl., ¶ 5. During his employment with Defendant, Plaintiff even requested Defendant to update his home address to a Texas address.[1] *Id.*, ¶ 6. Defendant is incorporated in the State of California. *Id.*, ¶ 3. Defendant maintains its headquarters at 2700 Coast Avenue, Mountain View, California 94043. *Id.* Plaintiff and Defendant are citizens of different states: Texas and California, respectively.

### 2. The Complaint Seeks Redress for Claims Valuing at Least $75,000.

Plaintiff's claims put at least $75,000—if not more—in controversy. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In determining this estimate, a defendant is permitted to aggregate the potential recovery, including for general and special damages, attorneys' fees (if recoverable by statute or contract), and punitive damages (if recoverable as a matter of law). *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032-35 (N.D. Cal. 2002) (aggregating claims for compensatory damages, punitive damages, and attorneys' fees in determining amount in controversy). There is no requirement to prove this beyond doubt; "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). And a defendant may rely on jury verdicts in cases involving similar facts to ground its estimates. *See e.g., Simmons*, 209 F.Supp.2d at 1033; *see also Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Ochoa v. Costco Wholesale Corp.*, 2:22-cv-02287-

---

[1] For privacy, Defendant has not indicated Plaintiff's address.

KJM-AC, 2023 WL 2861906 at *4 (E.D. Cal. Apr. 10, 2023) (denying motion for remand where defendant presented evidence of prior jury verdicts for non-economic damages for retaliation and failure to accommodate/engage in the interactive process); *Downs v. Adidas Am.*, No. 22-2690, 2022 WL 2116340, at *4 (C.D. Cal. June 13, 2022) (in FEHA employment discrimination action, denying motion to remand where defendant presented prior jury verdicts demonstrating that both emotional distress and punitive damage awards often vastly exceed the amount in controversy requirement).

The jurisdictional minimum is satisfied here.

*Compensatory Damages*. Plaintiff seeks compensatory damages, including "lost wages, benefits, and other economic losses." *See* Complaint, Prayer for Relief, ¶ 1. Plaintiff also seeks interest for pre-judgment and post-judgment as allowed by law. *Id.*, at ¶ 5. While employed with Defendant, Plaintiff earned $187,996, annually. *See* Zienty Decl., ¶ 7. Plaintiff's employment ended in January 2024. *See* Complaint, ¶ 6. If Plaintiff were to recover backpay from his termination to the filing of this Notice, he would be entitled to $242,225.62. *See Olvera v. Quest Diagnostics*, No. 219CV06157, 2019 WL 6492246, at *2 (C.D. Cal. Dec. 2, 2019) ("For purposes of determining the amount in controversy, courts have considered back pay as the wages lost from the date of termination to the time of removal."). Backpay damages alone far exceed the jurisdictional minimum.

*Non-Economic Damages*. Plaintiff seeks general and punitive damages. *Id.*, at ¶¶ 2, 3. General and punitive awards in similar cases have far exceeded the jurisdictional minimum in their own right. See e.g., In *Lopez v. Bimbo Bakeries USA, Inc.*, Superior Court of California, County of San Francisco, No. CGCO5445104 (verdict May 22, 2007) (pain and suffering verdict exceeded $75,000 in discrimination and retaliation claim related to medical condition); In *Barrie v. California Department of Transportation*, Superior Court of California, County of Nevada, No. CU13-079359 (pain and suffering verdict greater than $75,000 in disability discrimination, failure to accommodate, and retaliation case).

Defendant has no reason to suspect that Plaintiff will seek less.

*Attorneys' Fees*. Plaintiff's Complaint also seeks attorneys' fees. *See, e.g.*, Complaint, Prayer for Relief. Presumably, Plaintiff's attorneys' fees will exceed $75,000. Even if Plaintiff's counsel worked only 250 hours on the life of this case, Plaintiff would hit the jurisdictional threshold at a $300 rate in a year's

time. *Simmons*, 209 F.Supp.2d 1029, 1034-35 (N.D. Cal. 2002) (holding that attorneys' fees are projected at the time of removal and include the entire lifespan of the case for purposes of determining the amount in controversy). Attorneys' fees are likely to satisfy the jurisdictional minimum alone. *See Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys' fees of $376,520 may be appropriate in a discrimination case where the jury awarded compensatory damages of only $30,000, but remanding to district court because the record was unclear whether and in what manner the district court had exercised its discretion to consider reducing the amount of fees claimed by the plaintiff).

### C. ALL OTHER REQUIREMENTS FOR REMOVAL TO THIS COURT ARE SATISFIED.

#### 1. Defendant's Removal is Timely.

This Notice is timely under 28 U.S.C. section 1446(b). Defendant filed the Notice within 30 days after it was served with the Complaint.

#### 2. Venue is Proper in this Court.

Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(3), 1391, and 1446. Pursuant to 28 U.S.C. section 117, the United States District Court for the Northern District of California is the federal judicial district and division encompassing the Superior Court of the State of California, County of Santa Clara, where this lawsuit was originally filed.

#### 3. No Further Consent for Removal is Required.

Only one defendant—Intuit Inc.—has been properly served or joined in this action. 28 U.S.C. § 1446(b)(2)(A). *See* Person Decl., ¶ 3. As there are no other named defendants in this action, no further consent for removal is required.

#### 4. Defendant Provided or Will Provide All Required Notices.

Defendant has or will provide written notice of this removal to Plaintiff's counsel of record, Andrew Doriott and Parth N. Shah of Doriott, Postajian & Shah, PC, and to the Clerk of the Superior Court of the State of California, County of Santa Clara, as required by 28 U.S.C. section 1446(d).

### IV. THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

This Court has supplemental jurisdiction over Plaintiff's state law claims. Unless a statutory

1  exception exists, a federal district court has supplemental jurisdiction over all other claims that are so
2  related to a plaintiff's federal causes of action "that they form part of the same case or controversy under
3  Article III of the United States Constitution." 28 U.S.C. § 1367. State law claims fall within this Court's
4  supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact . .
5  . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United*
6  *Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

7        Plaintiff's state law claims for discrimination, failure to accommodate, retaliation, and wrongful
8  termination under the FEHA are closely related to his federal claims under the FMLA and ADA. These
9  claims arise from a common nucleus of operative facts—namely, Plaintiff's employment with Defendant.
10 Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367;
11 *see also Gamez v. Republic Waste Servs. of S. Cal. LLC*, No. SACV1500294JVSDFMx, 2015 WL
12 13916180, at *2 (C.D. Cal. May 5, 2015) (holding plaintiff's state law discrimination, retaliation and
13 harassment claims were based on the same nucleus of operative fact as his FMLA claim, and thus the court
14 could exercise jurisdiction over them under 28 U.S.C. § 1367).

15       No statutory exception bars this Court from exercising its jurisdiction. Plaintiff's state law claims
16 do not raise novel or complex issues of state law, nor do they predominate over the claims within this
17 Court's original jurisdiction. There are no exceptional circumstances or other compelling reasons for this
18 Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Removal of Plaintiff's entire
19 Complaint is proper under 28 U.S.C. § 1441(c).

20     **V.**    **CONCLUSION**

21       For all these reasons, Defendant respectfully requests that the Court exercise jurisdiction under 28
22 U.S.C. sections 1331, 1332, 1367, 1441, and 1446 and permit removal of Plaintiff's Complaint in its
23 entirety.

24 ///
25 ///
26 ///
27 ///
28

| | |
|---|---|
| DATED: April 18, 2025 | **GREENBERG TRAURIG, LLP** |
| | By _/s/_____ |
| | Philip P. Person |
| | Tayanah C. Miller |
| | Khushpreet K. Choumwer |
| | |
| | Attorneys for Defendant |
| | INTUIT INC. |