UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN YOON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INTUIT INC.,<br><br>　　　　　Defendant. | Case No. 5:25-cv-03469-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND FOR ATTORNEYS' FEES; AND GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF Nos. 9, 25] |

Before the Court are Plaintiff John Yoon's ("Yoon") Motion for Order Remanding Case to State Court and for Attorneys' Fees of $5,400 from Defendant, Dkt. No. 25 ("Remand Mot."), and Defendant Intuit Inc.'s ("Intuit") Motion to Dismiss Under F.R.C.P. Rule 12(b)(6), Dkt. No. 9 ("MTD"). Each motion was opposed, Dkt. Nos. 29 ("Remand Opp."), 13 ("MTD Opp."), and the Parties filed replies in support of their respective motions, Dkt. Nos. 33 ("Remand Reply"), 20 ("MTD Reply"). The Court held a hearing on the motions on August 21, 2025. Dkt. No. 35.

For the reasons stated on the record at the hearing and explained below, the Court DENIES the motion to remand (Dkt. No. 25) and GRANTS the motion to dismiss with leave to amend (Dkt. No. 9).

I. **BACKGROUND**

Plaintiff John Yoon initially filed this action in the Superior Court of California for the County of Santa Clara on September 4, 2024. Dkt. No. 1-2, Ex. B (Complaint). On April 15, 2025, Plaintiff filed a First Amended Complaint. Dkt. No. 4 at 4. Defendant Intuit Inc. removed the case to the United States District Court for the Northern District of California on April 18, 2025 based on both federal question and diversity jurisdiction. Dkt. No. 1. A few days later, Defendant's counsel filed a supplemental declaration attaching Plaintiff's First Amended

Complaint ("FAC"), which Defendant had erroneously failed to attach to the notice of removal. Dkt. No. 4.

In the First Amended Complaint, Plaintiff alleges that he "is, and at all times mentioned in this Complaint was, a resident of the County of Santa Clara, California." FAC ¶ 1. Plaintiff alleges that, on or around December 7, 2020, he was hired by Intuit as a Senior Machine Learning Engineer. *Id.* ¶ 8. He was hired as a remote employee, *id.* ¶ 9, and consistently received high reviews for his performance, *id.* ¶ 10. Several months later, on or around August 18, 2021, Plaintiff's mother suffered a ruptured brain aneurism. *Id.* ¶ 11. Plaintiff worked remotely in order to provide support for his mother's resulting disability. *Id.* She passed away on August 26, 2022, and Plaintiff was granted bereavement leave and other accommodations to support his family during September of 2022. *Id.* ¶ 12.

On November 1, 2022, Intuit Senior Vice President Ashok Srivastava announced that the company would commence a hybrid work schedule requiring employees to be on-site in Mountain View one day per week. *Id.* ¶ 13. Plaintiff complied with this directive, although he had started to suffer from depression, generalized anxiety disorder, an immune disorder, and an attention deficit disorder following his mother's death. *Id.* ¶¶ 14–15. Plaintiff ultimately took a medical leave of absence in May 2023 in order to "attend an intensive outpatient treatment program." *Id.* ¶ 15. Two months later, and on the recommendation of his doctor, Plaintiff requested and was granted permission to temporarily relocate to Plano, Texas to be close to his immediate family. *Id.* ¶ 16.

Because his condition improved while he was in Texas, Plaintiff requested to relocate to Texas permanently. *Id.* However, this request was denied in September 2023. *Id.* ¶ 17. Instead, Plaintiff was informed that his remote status had been terminated and that he would need to commence work in-person in Mountain View. *Id.* ¶¶ 17–18. Yoon then requested to be allowed to continue working remotely through November and December of 2023 as a religious accommodation. *Id.* ¶ 19. On or around November 27, 2023, Intuit "agreed to allow Yoon to continue working remotely until January 8, 2024." *Id.* About one week later, on December 6, 2023, Intuit informed Yoon that his employment would terminate on December 22, 2023. *Id.* ¶ 20. One day later, Intuit told Yoon that his employment would instead terminate on January 2,

1   2024, "for administrative reasons." *Id.* ¶ 21. Plaintiff asserts that his termination was for

2   discriminatory and/or retaliatory purposes. *Id.* ¶ 24.

3         Plaintiff's First Amended Complaint asserts eight causes of action: (1) a claim for

4   disability/medical condition discrimination in violation of the Fair Employment and Housing Act

5   ("FEHA"), Cal. Gov. Code § 12900 *et seq.*; (2) a claim for failure to provide reasonable

6   accommodations in violation of FEHA; (3) a claim for failure to engage in an interactive process

7   in violation of FEHA; (4) a claim for failure to prevent discrimination, harassment, and/or

8   retaliation in violation of FEHA; (5) a claim for retaliation for engaging in a protected activity in

9   violation of FEHA; (6) a claim for retaliation for use of Family and Medical Leave Act and

10  California Family Rights Act time in violation of FEHA; (7) a claim for violation of California

11  Labor Code § 1102.5 *et seq.*; and (8) a claim for wrongful termination in violation of public

12  policy. FAC ¶¶ 16–54.

13  **II.    EVIDENTIARY ISSUES**

14      **A.    Request for Judicial Notice**

15        The Court first considers Defendant Intuit Inc.'s Request for Judicial Notice in Support of

16  Its Opposition to Plaintiff's Motion to Remand. Dkt. No. 30. Defendant requests that the Court

17  take notice of a public property record in Texas. Dkt. No. 30, Exh. 1. The record shows Plaintiff

18  as the owner of the property. *Id.* Plaintiff objects that the evidence is not relevant to the

19  determination of Plaintiff's domicile, and further objects on personal knowledge and foundation

20  grounds. Remand Reply at 4–5.

21        The Court may take judicial notice of matters that are "generally known within the trial

22  court's territorial jurisdiction" or "can be accurately or readily determined from sources whose

23  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including city

24  property records, are properly subjects for judicial notice, unless their authenticity is subject to

25  reasonable dispute. *See Disabled Rts Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866

26  n.1 (9th Cir. 2004). Accordingly, the Court GRANTS Defendant's request for judicial notice.

27      **B.    Other Evidentiary Objections**

28        Plaintiff objects to declarations and exhibits Defendant has included in support of its

1  Opposition to Plaintiff's Motion to Remand and Notice of Removal.  Remand Reply at 4–5.
2  Plaintiff objects on relevance, personal knowledge, and foundation grounds.  The Court finds that
3  the declarations and exhibits Defendant includes are relevant to determining Plaintiff's state of
4  citizenship and otherwise have indicia of reliability.  The Court therefore OVERRULES each
5  objection.

**III.   LEGAL STANDARD**

    **A.  Motion to Remand**

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  They may adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction."); *see also Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) ("Federal courts are courts of limited subject matter jurisdiction.").

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).  "The mechanics and requirements for removal are governed by 28 U.S.C. § 1446."  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).  A party who contests removal may file a motion to remand.  *See* 28 U.S.C. § 1447(c).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  *Id.*  Courts "strictly construe the removal statute against removal jurisdiction," so there is a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper."  *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)).

    **B.  Motion to Dismiss**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

4

claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### C. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## IV. DISCUSSION

Before considering the merits of Defendant's Motion to Dismiss, the Court must first satisfy itself that there is subject matter jurisdiction over this action. If not, the case must be remanded. Thus, the Court first resolves the motion to remand and accompanying fee motion, and

5

1  then proceeds to the motion to dismiss.

      **C.    Motion to Remand**

           **i.    Plaintiff's State and Citizenship**

Plaintiff argues that there is no subject matter jurisdiction because there are no federal claims and "[b]oth Yoon and Defendant are citizens of California." Remand Mot. at 1. As evidence of his citizenship, Plaintiff submits a declaration stating that he has continuously "considered" California to be his permanent home, although he "temporarily relocated" to Texas to be closer to his family. Dkt. No. 25-2, Plaintiff John Yoon's Declaration in Support of Plaintiff's Motion for Order Remanding Case to State Court ("Yoon Decl.") ¶¶ 2, 5.

In opposition, Defendant argues, first, that Plaintiff's First Amended Complaint appears to allege an FMLA claim, and second, that Plaintiff has repeatedly represented that his relocation to Texas was permanent, meaning that Texas should be considered his state of citizenship. Remand Opp. at 2.

On reply, Plaintiff submits a declaration stating that he is a patient of a doctor in California, with whom he has scheduled an in-person appointment on November 5, 2025. Dkt. No. 33-1, Plaintiff John Yoon's Supplemental Declaration in Support of Plaintiff's Motion for Order Remanding Case to State Court ("Yoon Supp. Decl.") ¶¶ 2–3. He also provides confirmation of this appointment. Yoon Supp. Decl., Exh. 1.

A person's citizenship is determined by his state of domicile and "[a] person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile may be established by a number of factors, including, "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

The Court concludes that Defendant has met its burden to show that removal based on diversity jurisdiction was proper. While Plaintiff may "consider[] California [his] permanent

home," Yoon Decl. ¶ 2, Defendant provides evidence, responsive to many of the factors for determination of domicile, that Plaintiff is domiciled in Texas.

Plaintiff has not lived in California since at least July, 2023. Yoon Decl. ¶ 5. He maintains no residence in California. Plaintiff bought property in Texas. Dkt. No. 30, Exh. 1. When seeking a remote work arrangement, Plaintiff told Defendant he wanted to be in Texas "permanently" and for an "[i]ndefinite" period. See Dkt. No. 29–1, Declaration of Scott Abraham in Support of Defendant's Opposition to Plaintiff's Motion to Remand, Exs. A, B. As recently as March 2025, Plaintiff's LinkedIn profile shows that he was working in Plano, Texas. Dkt. No. 1-2, Declaration of Philip I. Person in Support of Defendant's Notice of Removal of Civil Action ¶¶ 4-5, Exh. A. Plaintiff's family also resides in Texas. *See, e.g.*, FAC ¶ 16. At the hearing, Plaintiff's Counsel represented that Plaintiff still resides in the property that he owns in Texas, works in Texas, votes in Texas, and has a Texas driver's license. Plaintiff did not identify any tangible evidence of domicile in California. The Court observed on the record that it is not even clear, under the facts alleged, that Plaintiff could successfully obtain a library card in California.

Plaintiff avers that he has "considered California [his] permanent home" since 2000. Yoon Decl. ¶¶ 2, 7. But his sole evidence of domicile in California is an appointment confirmation for a doctor's appointment scheduled to take place in California in November 2025. Yoon Supp. Decl. ¶¶ 2–3, Exh. 1.

In the face of the substantial evidence indicating that Plaintiff resides in Texas, a cancellable doctor's appointment and Plaintiff's view of himself as a Californian do not persuade the Court that Plaintiff is a citizen of California. The Court thus finds that Plaintiff is domiciled in Texas and is a citizen of Texas.

### ii.  Forum Defendant Rule

Plaintiff argued at the hearing that even assuming, *arguendo*, he is domiciled in Texas, he chose California state court. And because Intuit is a citizen of California, it should not be able to use the removal statute when it is not an out-of-state defendant.

The forum defendant rule limits removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. *See* 28 U.S.C. § 1332, § 1441(b). The forum

defendant rule is connected to the purpose of diversity jurisdiction, which is to "protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Mkts, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).

Plaintiff's Counsel correctly argued that the need for this protection is "absent" where "the defendant is a citizen of the state in which the case is brought." *Id.* What Plaintiff missed is that the forum defendant rule is procedural, rather than jurisdictional. *Id.* at 942. Thus, "a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30–day time limit imposed by § 1447(c)." *Id.* at 942.

Here, the case was removed on April 18, 2025, Dkt. No. 1., and Plaintiff did not file his motion to remand until July 21, 2025, Dkt. No. 25. Because Plaintiff did not timely file the motion to remand, the violation of the forum defendant rule is waived. *Lively v. Wild Oats Mkts, Inc.*, 456 F.3d at 936; *Rodriguez v. Dairy Conveyor Corp.*, No. 23-cv-01683-JWH-JDE, 2024 WL 811711, at *2 (C.D. Cal. Feb. 26, 2024) (holding that "the Court may not remand pursuant to the forum defendant rule" where the plaintiff did not move to remand within 30 days of the case's removal). Thus, Plaintiff has waived protection of the forum defendant rule.

Because the Court concludes that Plaintiff is domiciled in Texas and has waived the forum defendant rule, the Court finds that removal based on diversity jurisdiction was proper.

**D.     Request for Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005). However, "when an objectively reasonable basis [for removal] exists, fees should be denied." *Id.* at 141 (citation omitted). Having concluded that this case was properly removed to federal court, the Court denies Plaintiff's request for fees.

**E.     Motion to Dismiss**

Proceeding to the merits of Defendant's motion to dismiss, the Court addresses Defendant's narrowly targeted motion to dismiss only portions of two of Plaintiff's eight claims: his FEHA failure to accommodate claim insofar as it is based on Plaintiff's request for a religious

8

1  accommodation, and his FEHA retaliation claims insofar as they are based on retaliation for
2  Plaintiff's religious beliefs.  MTD at 4–5.

### iii. Failure to Accommodate

Intuit argues that the failure to accommodate claim should be dismissed because "Intuit reasonably accommodated [Plaintiff's] religious beliefs" by permitting him to work remotely in November and December of 2023.  *Id.* at 4.  In response, Plaintiff argues that Intuit did not reasonably accommodate him because it terminated him during the month of December.  MTD Opp. at 5.  Moreover, Plaintiff argues that even if Intuit had not taken an adverse action against him prior to the conclusion of the time period during which his accommodation was meant to last, a failure to accommodate claim can be based upon a theory that the timing of the termination was pretextual.  *Id.* at n.3.

To establish a prima facie case of failure to accommodate, a plaintiff must show that "(1) he had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements."  *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993); *Weiss v. Permanente Med. Grp., Inc.*, 751 F. Supp. 3d 991, 997 (N.D. Cal. 2024).  If the employee can make such a showing, the burden shifts to the employer to establish that it initiated good faith efforts to accommodate the employee's religious practices.  *Heller*, 8 F.3d at 1438.

Here, it is apparent from the face of the FAC that Intuit accommodated Yoon's request for a religious accommodation in November and December of 2023 by agreeing to let him work remotely.  FAC ¶ 19.  Although Defendant terminated Plaintiff, he was terminated only *after* the period of religious accommodation.  FAC ¶¶ 21, 23.  Because Plaintiff has not alleged *any* facts showing that Intuit failed to accommodate him, he has not alleged a prima facie case of religious discrimination.  *See Crawford v. Trader Joe's Co.*, No. EDCV 21-1519 JGB, 2023 WL 3559331, at *9 (C.D. Cal., May 4, 2023).  The motion to dismiss for FEHA failure to accommodate Plaintiff's religious practices will be granted with leave to amend.

9

### iv. Retaliation

Intuit argues that the retaliation claim should be dismissed because it appears to be based on Plaintiff's complaint to Intuit's Ethics Investigator on February 18, 2024. MTD at 5. Because Plaintiff's employment had already ended at that point, Intuit argues that Intuit could not subject him to an adverse employment action as required to state a claim. *Id.* In response, Plaintiff argues that a "failure to hire is a retaliatory action," so Intuit's failure to re-hire Plaintiff after he reported what he believed to be unlawful conduct amounts to retaliation. MTD Opp. at 6.

To establish a prima facie case of FEHA retaliation, a plaintiff must allege (1) that he engaged in protected activity; (2) the employer subjected him to an adverse employment action, and (3) a causal link between the protected activity and the employer's action. *See Lee v. Eden Med. Ctr.*, 690 F. Supp. 2d 1011, 1025 (N.D. Cal. 2010).

Here, Plaintiff bases his retaliation claim on a post-termination meeting with Defendant's Ethics Investigator "to make a whistleblower complaint," and alleges that the retaliatory conduct took the form of Defendant's failure to make any "meaningful investigation" as a result. FAC ¶ 25. Because this action took place only after Plaintiff's employment was terminated, the Court agrees with Defendant that it cannot serve as the basis of a retaliation claim. *See Huck v, Kone Inc.*, No. C 10–01845 RS, 2011 WL 6294466, at *10 (N.D. Cal. Dec. 15, 2011) (holding that a FEHA prima facie claim failed because the plaintiff did not engage in a protected activity prior to termination). And although Plaintiff argues that "failure to hire is a retaliatory action," MTD Opp. at 6, he does not allege that there was an open position to which he applied, or that he otherwise sought employment with Defendant after he was terminated. The facts therefore do not support this alternative theory of retaliation.

It is this Court's view that Plaintiff may be able to allege a retaliation claim based on facts prior to his termination. The motion to dismiss the FEHA retaliation claim insofar as it is based on retaliation for Plaintiff's religious beliefs will be granted with leave to amend the complaint regarding facts that predate Plaintiff's termination.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Order Remanding Case to State Court and for Attorneys' Fees of $5,400 from Defendant (Dkt. No. 25) is DENIED; and

2. Defendant's Motion to Dismiss Under F.R.C.P. Rule 12(b)(6) (Dkt. No. 9) is GRANTED with leave to amend.  Plaintiff shall file an amended complaint no later than September 30, 2025.  Plaintiff may not add claims or parties without further order of the Court.

**IT IS SO ORDERED.**

Dated:  August 26, 2025

_____
BETH LABSON FREEMAN
United States District Judge