Parth Shah (SBN 304347)
Andrew Doriott (SBN 314740)
**Doriott, Postajian & Shah, PC**
1310 Westwood Blvd.
Los Angeles, CA 90024
(424) 248-0595
pshah@dpslawpc.com
adoriott@dpslawpc.com

Attorneys for Plaintiff, JOHN YOON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN YOON**,<br><br>Plaintiff<br><br>vs.<br><br>**INTUIT, INC. (a Delaware corporation), and DOES 1 to 100, inclusive,**<br><br>Defendants. | Case No.: 5:25-cv-03469<br><br>**PLAINTIFF JOHN YOON'S SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**1) Disability Discrimination in Violation of FEHA (Government Code § 12940, et seq.);**<br><br>**2) Failure to Provide Reasonable Accommodations in Violation of FEHA (Government Code § 12940, et seq.);**<br><br>**3) Failure to Engage in Interactive Process in Violation of FEHA (Government Code § 12940, et seq.);**<br><br>**4) Failure to Prevent Discrimination and Harassment in Violation of FEHA (Government Code § 12940, et seq.);** |

**5) Retaliation in Violation of FEHA (Government Code § 12940, et seq.);**

**6) Retaliation for Taking A Leave of Absence Protected by FMLA/CFRA (Government Code § 12945.2, et seq.);**

**7) Retaliation in Violation of Labor Code § 1102.5; and**

**8) Wrongful Termination in Violation of Public Policy**

Plaintiff John Yoon (*also known as* Yi Hyan Yoon) alleges on the basis of information and belief:

## SUMMARY

This is an action by plaintiff John Yoon, whose employment with defendants Intuit, Inc. and Does 1 to 100, inclusive, was wrongfully terminated. Plaintiff John Yoon brings this action against said defendants for economic, non-economic, punitive damages, pre-judgment interest, and costs and attorney's fees, according to proof and as allowed by law.

## PARTIES

1. *Plaintiff:* Plaintiff John Yoon ("Yoon" or "Plaintiff"), an individual, is, and at all times mentioned in this Complaint was, a resident of the County of Santa Clara, California.
2. *Defendants:*
   a. Defendant Intuit, Inc. ("Defendant" or "Intuit") is, and at all times mentioned in this Complaint was, an active Delaware corporation with

its principal place of business in the County of Santa Clara, California;

b. Defendants Does 1 to 100 are sued under fictitious names pursuant to Code of Civil Procedure § 474.

3. *Relationship of Defendants*:

a. All defendants may be collectively referred to as "Defendants."

b. All defendants employed or co-employed Plaintiff directly or indirectly.

c. All defendants acted in some way and in some capacity to be responsible for the wrongful conduct and damages alleged in this Complaint. In doing so, all defendants acted within agent, employment, partnership, and other legal and/or authorized representative relationships with each other, and were acting within the course and scope of that authority, and with their permission and consent and/or subsequent approval and ratification of such action.

d. At all relevant times, there existed a unity of interest and ownership between two or more of the defendants such that any individuality and separateness between those defendants has ceased to exist, and defendants are the alter egos of one another. Further, adherence to the fiction of these defendants' separate existence would sanction fraud and/or promote injustice.

## VENUE AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Under the Fair Employment and Housing Act ("FEHA"),

> [a]n action may be brought in any county in the state in which the unlawful practice is alleged to have been committed in the county in which the records relevant to the practice are maintained and administered, or in the county in which the aggrieved person would have worked

> or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within any of these counties, an action may be brought within the county of the defendant's residence or principal office.

Government Code § 12965(c)(3).

5. Plaintiff worked in the County of Santa Clara. Venue is therefore proper in the County of Santa Clara. Prior to filing this action, Plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CRD") and receiving a CRD right-to-sue letter.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. *Plaintiff's Alleged Protected Status and Activity:*
   a. Plaintiff is disabled;
   b. Plaintiff required a medical accommodations;
   c. Plaintiff required a bereavement leave of absence; and
   d. Plaintiff reported what he believed in good faith to be illegal activity to his employer.
7. Defendant Intuit, Inc. is a private business headquartered in Mountain View, California, that provides financial management, compliance, and marketing products and services throughout the United States of America.
8. Plaintiff John Yoon was hired by Intuit, Inc. on or around December 7, 2020, as a Senior Machine Learning Engineer. At all times stated herein, John Yoon performed the essential functions of his job competently.
9. Upon joining Intuit, Yoon directly reported to Senior Manager, Dusan Bosnjakovic. Yoon was hired as a remote employee and performed his duties remotely from the outset of his employment.

10. Throughout his employment Yoon was considered a top performing employee and always received stellar performance evaluations, including an "Exceeds Expectations" rating on his final July 31, 2023 Performance Evaluation.

11. On or around August 18, 2021, Yoon's mother suffered from a brain aneurism rupture and became vegetative. Yoon was able to complete all his work remotely while continuing to provide support for his mother who continued to suffer from a disability.

12. On or around August 26, 2022, Yoon's mother passed away. As a result, Yoon requested an accommodation to support his family and/or bereavement leave for September 7-9, 12-16, and 19-20, 2022.

13. On or around November 1, 2022, Defendant's Senior Vice President, Ashok Srivastava, announced a hybrid work schedule that required employees to be in-office on Wednesday each week. Human Resources manager, Mike Marazzani, changed Yoon's status from a remote employee to on-site without any notification to Yoon.

14. Although Yoon was hired as a remote employee he complied with the new directives and performed in-office work weekly as required at Defendant's Mountain View, California location.

15. After his mother's death on or around August 26, 2022, Yoon had started to increasingly suffer from a disability (severe recurrent depression, generalized anxiety disorder, an immune disorder, and attention deficit disorder), which he attempted to work through. However, in or around May 2023, Yoon informed Defendant that he required a medical leave of absence to attend an intensive outpatient treatment program which he commenced on May 8, 2023.

16. On July 12, 2023, Yoon requested and received approval to relocate

temporarily to Plano, Texas, to be close to his immediate family as recommended by his physician to treat his ongoing temporary disability. Yoon's condition improved significantly from being close to his immediate family. As a result, upon advice from his physician, Yoon requested he be allowed to work from Texas permanently, and that his work and in-office days be ramped up gradually.

17. On or around September 8, 2023, Defendant rejected Yoon's request to relocate permanently without engaging in the interactive process in any meaningful way. Instead, on Yoon's anticipated return to work date of September 25, 2023, Defendant informed Yoon that he had lost his remote/hybrid status and Vice President, Nhung Ho, required Yoon to be in office at Defendant's Mountain View, California employee as an on-site employee.

18. On October 11, 2023, Defendant's accommodations team informed Yoon that not only would he not be granted a medical accommodation of remote work but now Yoon was expected to resume working on October 11, 2023, with no-ramp up schedule as medically required and previously agreed to by Defendant. Further, Human Resources Global Advisor, Elyse Fowler, threatened to terminate Yoon if he did not work in person at their Mountain View, California location.

19. Yoon provided two additional documents from his physician on or around October 30, 2023, documenting and substantiating his need for medical accommodations in the form of relocating to Plano, Texas to be close to his family and a ramp up schedule for in-person work. On or around November 27, 2023, Defendant agreed to allow Yoon to continue working remotely until January 8, 2024, with the option of extending remote work if medically necessary. However, Yoon did not request any further extension

of his medical accommodations through the end of his employment.

20. Yoon continued to perform his duties well and was among Defendant's top performers at this time and engaged in conversations with Defendant on transitioning him back to their Mountain View, California office.

21. However, rather than allow Yoon to continue receiving medical accommodations, on or around December 6, 2023, Defendant informed Yoon that his employment will be terminated on December 22, 2023. The following business day, Defendant informed Yoon that his termination date has been changed to January 2, 2024, for administrative reasons.

22. Defendant refused to provide any substantive reason his employment was terminated. Defendant also did not provide Yoon any options for continuing his employment. Vice President, Nhung Ho, who had previously denied Yoon's request to work remotely as a medical accommodation was a primary decision maker in Yoon's termination.

23. Intuit, Inc. terminated John Yoon's employment on January 2, 2024.

24. Defendants' stated reason for terminating Plaintiff was false and mere pretext as Defendants' real reason for terminating Plaintiff's employment was for wrongful, illegal, discriminatory and/or retaliatory purposes related to his disability, request for medical accommodations, and his good faith complaints regarding conduct that he reasonably believed to be illegal.

25. Yoon contacted Defendant to complain that his termination was in retaliation for his medical accommodation request. On February 18, 2024, Yoon had a meeting with Defendant's Ethics Investigator, Rachel Walsh, to make a whistleblower complaint about the disability discrimination and retaliation for requiring an accommodation. Defendant conducted no meaningful investigation into Yoon's complaints and allowed his termination to stand.

## DAMAGES

26. *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer economic damages, including but not limited to lost past and future income and employment benefits, unpaid expenses and resulting penalties, and interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

27. *Non-economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer non-economic damages and emotional distress in a sum to be proven at trial. Plaintiff's symptoms of emotional distress include, but are not limited to, shock, disbelief, embarrassment, severe distress, hurt, dejection, depression, stress, diminished confidence, anxiety, anger, fear, isolation, insomnia, fatigue, rejection, bleakness, lack of joy, grief, emotional blocking, disappointment, sadness, despair, isolation, numbness, and insomnia, physical discomfort, crying, intense fatigue, weight fluctuations, lethargy, lack of energy, tiredness, stomach pain, headaches, numbness, nausea, chest pain, difficulty in falling asleep, and restless sleep, loss of interest in everyday activities, loss of ability to tend to family needs, lack of sex drive, feelings of loss, feelings of low self-worth, loss of concentration, forgetfulness, and lessened ability to think clearly.

28. *Punitive damages:* Defendants' conduct alleged herein constitutes malice, oppression, and/or fraud, under California Civil Code § 3294, and entitles Plaintiff to an award of exemplary and/or punitive damages.

    a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code § 3294. Defendants acted: a) to cause injury to Plaintiff; and b) despicably with a willful and conscious

disregard of the rights or safety of others.

b. *Oppression*: Defendants' conduct was committed with oppression within the meaning of California Civil Code § 3294. Defendants subjected Plaintiff to cruel and unjust hardships in conscious disregard of his rights.

c. *Fraud*: Defendants' conduct was committed with oppression within the meaning of California Civil Code § 3294. Defendants acted with intentional misrepresentation, deceit, or concealment of a material fact known to them with the intention on their part of depriving Plaintiff of property or legal rights or otherwise causing injury.

29. *Attorneys' Fees and Costs:* Where applicable, pursuant to Government Code § 12965(b), Code of Civil Procedure §§ 1021.5 and 1032.5, Plaintiff is entitled to recover reasonable attorney's fees, costs, and legal expenses in an amount according to proof.

**FIRST CAUSE OF ACTION**

**(Disability/Medical Condition Discrimination in Violation of FEHA (Government Code § 12900, *et seq.*)— Against Defendants Intuit, Inc. and Does 1 to 100, Inclusive)**

16. The allegations set forth in the preceding paragraphs are realleged and incorporated herein by reference.

17. Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA, Government Code section 12940, *et seq.*, were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to refuse to accommodate plaintiff, to refuse to engage in

the interactive process, and/or to take other adverse job actions against plaintiff.

18. Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, et seq., and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a. Terminating, constructively terminating, refusing to transfer, retain, hire, promote, select, and/or employ, asking impermissible non-employment related questions, unfairly reprimanding, suspending, denying work opportunities and/or assignment, denying any employment benefit or privilege, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in violation of Government Code section 12940(a);

b. Failing to accommodate plaintiff's actual, perceived, and/or history of disability, in violation of Government Code section 12940(m);

c. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

d. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability, in violation of Government Code section 12940(k);

e. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

f. Failing to provide plaintiff with requisite statutory leave, violating

notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

19. As a proximate result of Defendants' wrongful actions, Plaintiff has sustained the damages alleged herein, including but not limited to the following:

a. Economic damages, including but not limited to lost past and future income and employment benefits, unpaid expenses and resulting penalties, and interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial;

b. Non-economic damages, including but not limited to mental and emotional distress in a sum to be proven at trial; and

c. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and legal expenses in an amount according to proof.

d. Defendants' conduct alleged herein constitutes malice, oppression, and/or fraud, under California Civil Code § 3294, and entitles Plaintiff to an award of exemplary and/or punitive damages.

**SECOND CAUSE OF ACTION**
**(Failure to Provide Reasonable Accommodations in Violation of FEHA (Government Code § 12940(a), (i), (m), (n))— Against Defendants Intuit, Inc. and Does 1 to 100, Inclusive)**

20. The allegations set forth in the preceding paragraphs are realleged and

incorporated herein by reference.

21. At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

22. Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability.

23. Plaintiff believes and, on that basis, alleges that his disability and the need to accommodate his disability were substantial motivating factors in defendants' decision to terminate, constructively terminate, refusal to transfer, retain, hire, promote, select, and/or employ, ask impermissible non-employment related questions, unfairly reprimand, suspend, deny work opportunities and/or assignment, deny any employment benefit or privilege, and/or otherwise discriminating against plaintiff during his employment.

24. As a proximate result of Defendants' wrongful actions, Plaintiff has sustained the damages alleged herein, including but not limited to the following:

a. Economic damages, including but not limited to lost past and future income and employment benefits, unpaid expenses and resulting penalties, and interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial;

b. Non-economic damages, including but not limited to mental and emotional distress in a sum to be proven at trial; and

c. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and legal expenses in an amount according to proof.

d. Defendants' conduct alleged herein constitutes malice, oppression, and/or fraud, under California Civil Code § 3294, and entitles Plaintiff to an award of exemplary and/or punitive damages.

## THIRD CAUSE OF ACTION
## (Failure to Engage in Interactive Process in Violation of FEHA (Government Code § 12900, *et seq.*)— Against Defendants Intuit, Inc. and Does 1 to 100, Inclusive)

25. The allegations set forth in the preceding paragraphs are realleged and incorporated herein by reference.

26. Defendants' conduct, as alleged, violated FEHA, Government Code section 12940, *et seq.*, and defendants committed unlawful employment practices, including the following basis for liability: failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n).

27. As a proximate result of Defendants' wrongful actions, Plaintiff has sustained the damages alleged herein, including but not limited to the following:

a. Economic damages, including but not limited to lost past and future income and employment benefits, unpaid expenses and resulting penalties, and interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial;

b. Non-economic damages, including but not limited to mental and emotional distress in a sum to be proven at trial; and

c. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and legal expenses in an amount according to proof.

d. Defendants' conduct alleged herein constitutes malice, oppression, and/or fraud, under California Civil Code § 3294, and entitles Plaintiff to an award of exemplary and/or punitive damages.

**FOURTH CAUSE OF ACTION**

**(Failure to Prevent Discrimination, Harassment and/or Retaliation in Violation of FEHA (Government Code § 12940, *et seq.*) - Against Defendant Intuit, Inc. and Does 1 to 100, Inclusive)**

28. The allegations set forth in the preceding paragraphs are realleged and incorporated herein by reference.

29. At all relevant times, FEHA (Government Code § 12940, *et seq.*), was in full force and effect and was binding on Defendants. This statute requires Defendants "to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

30. During Plaintiff's employment with Defendants, Defendants, personally and through their supervisors, managers, and employees, failed to take reasonable actions to prevent themselves, their supervisors, managers and employees, from discriminating against and harassing their employees on the basis of their protected characteristics.

31. During Plaintiff's employment with Defendants, Defendants, personally

and through their supervisors, managers and employees, failed to take reasonable actions to prevent themselves, their supervisors, managers and employees, from discriminating against and harassing Plaintiff on the basis of his protected characteristic (i.e. his disability, request for reasonable medical accommodations, and complaints of disability discrimination), which resulted in acts of discrimination and harassment including but not limited to the following separate bases for liability:

a. Terminating Plaintiff's employment in whole or in part on the basis of Plaintiff's disability, request for reasonable medical accommodations, and complaints of disability discrimination;

b. Suspending Plaintiff's employment in whole or in part on the basis of Plaintiff's disability, request for reasonable medical accommodations, and complaints of disability discrimination;

c. Unfairly criticizing, reprimanding and harassing Plaintiff in whole or in part on the basis of Plaintiff's disability, request for reasonable medical accommodations, and complaints of disability discrimination;

d. Excluding Plaintiff from peer activities and career growth opportunities in whole or in part on the basis of Plaintiff's disability, request for reasonable medical accommodations, and complaints of disability discrimination;

e. Excluding Plaintiff from work opportunities or assignments in whole or in part on the basis of Plaintiff's disability, request for reasonable medical accommodations, and complaints of disability discrimination;

f. Demoting Plaintiff in whole or in part on the basis of Plaintiff's disability, request for reasonable medical accommodations, and complaints of disability discrimination; and

g. Failing to take reasonable steps to prevent discrimination, harassment

and retaliation.

32. On the basis of the above, Plaintiff alleges on information and belief that his disability, request for reasonable medical accommodations, and complaints of disability discrimination was a substantial motivating factor in Defendants' wrongful actions, including but not limited to the termination of his employment.

33. As a proximate result of Defendants' wrongful actions, Plaintiff has sustained the damages alleged herein, including but not limited to the following:

a. Economic damages, including but not limited to lost past and future income and employment benefits, unpaid expenses and resulting penalties, and interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial;

b. Non-economic damages, including but not limited to mental and emotional distress in a sum to be proven at trial; and

c. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and legal expenses in an amount according to proof.

d. Defendants' conduct alleged herein constitutes malice, oppression, and/or fraud, under California Civil Code § 3294, and entitles Plaintiff to an award of exemplary and/or punitive damages.

//

//

**FIFTH CAUSE OF ACTION**

**(Retaliation for Engaging in a Protected Activity in Violation of FEHA (Government Code § 12900, *et seq.)* —Against Defendants Intuit, Inc. and Does 1 to 100, Inclusive)**

34. The allegations set forth in the preceding paragraphs are realleged and incorporated herein by reference.

35. Plaintiff's engagement in protected activity, including good faith complaints and/or opposition to discrimination and harassment based on disability and/or good faith complaints protected by FEHA, Government Code section 12900, et seq., as well as to defendants' failure to accommodate his disability and failure to engage in the interactive process, were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse job actions against plaintiff.

36. Defendants' conduct, as alleged, violated FEHA, Government Code section 12940, *et seq*., and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a. Demoting, terminating, constructively terminating, barring, suspending, unfairly criticizing, unfairly reprimanding, excluding from work opportunities, excluding from career growth opportunities, excluding from assignments, refusing to retain, refusing to transfer, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's disability, request for reasonable medical accommodations, and complaints of disability discrimination, good faith complaints and/or other protected characteristics by FEHA, Government Code section 12900, et seq., in

violation of Government Code section 12940(a), (c);

b. Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's disability, request for reasonable medical accommodations, and complaints of disability discrimination, good faith complaints and/or other protected characteristics, in violation of Government Code section 12940(j);

c. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on disability, request for reasonable medical accommodations, and complaints of disability discrimination, and/or good faith complaints in violation of Government Code section 12940(k);

d. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, in violation of Government Code section 12940(h);

e. Failing to accommodate plaintiff's actual, perceived, and/or history of physical or mental disability, in violation of Government Code section 12940(m);

f. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

g. Creating a hostile work environment, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability, request for reasonable medical accommodations, and complaints of disability discrimination and/or other protected characteristics, in violation of Government Code section 12940(j);

h. Making nonjob-related inquiries of Plaintiff that express, directly or

indirectly, a limitation or discriminatory animus on the basis of disability, request for reasonable medical accommodations, and complaints of disability discrimination, and/or other protected characteristics, in violation of Government Code section 12940(d)

i. Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking and/or attempting to take leave, in violation of Government Code section 12945.2.

37. As a proximate result of Defendants' wrongful actions, Plaintiff has sustained the damages alleged herein, including but not limited to the following:

a. Economic damages, including but not limited to lost past and future income and employment benefits, unpaid expenses and resulting penalties, and interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial;

b. Non-economic damages, including but not limited to mental and emotional distress in a sum to be proven at trial; and

c. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and legal expenses in an amount according to proof.

d. Defendants' conduct alleged herein constitutes malice, oppression, and/or fraud, under California Civil Code § 3294, and entitles Plaintiff to an award of exemplary and/or punitive damages.

//

//

**SIXTH CAUSE OF ACTION**

**(Retaliation for Using FMLA/CFRA Protected Leave**

**(Government Code § 12945, *et seq.)* —Against**

**Defendants Intuit, Inc. and Does 1 to 100, Inclusive)**

38. The allegations set forth in the preceding paragraphs are realleged and incorporated herein by reference.

39. Plaintiff had at least twelve (12) months of service with Defendants and worked greater than twelve hundred and fifty (1250) hours in the previous twelve (12) month period.

40. Defendants employed greater than fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's primary worksite making Plaintiff eligible for a leave of absence under FMLA and CFRA for his own serious health condition and /or to care for Plaintiff's parent.

41. Plaintiff provided reasonable notice to Defendants that he needed to take an FMLA/CFRA protected leave of absence for his own serious health condition and /or to care for Plaintiff's parent. Plaintiff provided pertinent information including the expected timing and length of his FMLA/CFRA protected leave of absence as soon as possible under the circumstances.

42. Plaintiff's engagement in protected activity, including attempting to take an FMLA/CFRA protected leave of absence, good faith complaints and/or opposition to discrimination and retaliation, were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in the same, comparable, or any position, and/or to take other adverse job actions against plaintiff.

43. Defendants' conduct, as alleged, violated Government Code section 12945.2, *et seq*., and Defendants committed unlawful employment practices causing Plaintiff harm, including by the following, separate

bases for liability:

a. Demoting, terminating, constructively terminating, barring, suspending, unfairly criticizing, unfairly reprimanding, excluding from work opportunities, excluding from career growth opportunities, excluding from assignments, refusing to retain, refusing to transfer, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's request and/or use of FMLA/CFRA protected leave of absence, good faith complaints and/or other protected activity under Government Code section 12945.2, et seq., in violation of Government Code section 12945.2;

b. Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking and/or attempting to take leave, in violation of Government Code section 12945.2.

44. As a proximate result of Defendants' wrongful actions, Plaintiff has sustained the damages alleged herein, including but not limited to the following:

a. Economic damages, including but not limited to lost past and future income and employment benefits, unpaid expenses and resulting penalties, and interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial;

b. Non-economic damages, including but not limited to mental and emotional distress in a sum to be proven at trial; and

c. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and legal expenses in an amount according to proof.

d. Defendants' conduct alleged herein constitutes malice, oppression, and/or fraud, under California Civil Code § 3294, and entitles Plaintiff to an award of exemplary and/or punitive damages.

**SEVENTH CAUSE OF ACTION**

**(Violation of Labor Code § 1102.5, *et seq.* - Against Defendant Intuit, Inc. and Does 1 to 100, Inclusive)**

45. The allegations set forth in the preceding paragraphs are realleged and incorporated herein by reference.

46. At all relevant times, Labor Code section 1102.5 was in full force and effect and was binding on Defendants. This statute prohibits Defendants from retaliating against any employee for raising or making complaints of actions which the employee knows or reasonably believes to be illegal.

47. During Plaintiff's employment with Defendants, Defendants, personally and through

their supervisors, managers and employees, retaliated against their employees for making

complaints of actions which they knew or reasonably believed to be illegal.

48. During Plaintiff's employment with Defendants, Defendants, personally and through

their supervisors, managers and employees, retaliated against Plaintiff for making complaints of actions which he knew or reasonably believed to be illegal by taking actions including but not limited to the following separate bases for liability:

a. Terminating Plaintiff in whole or in part on the basis of Plaintiff's complaint of discrimination, harassment and retaliation on the basis of his disability and/or requests for a reasonable medical accommodation.

b. Unfairly criticizing and harassing Plaintiff in whole or in part on the basis of Plaintiff's complaint of discrimination, harassment and retaliation on the basis of his disability and/or requests for a reasonable medical accommodation; and

c. Excluding Plaintiff from peer activities and career growth opportunities in whole or in part on the basis of Plaintiff's complaint of discrimination, harassment and retaliation on the basis of his disability and/or requests for a reasonable medical accommodation.

49. On the basis of the above, Plaintiff alleges on information and belief that his good-faith complaints regarding activity which he knew or reasonably believed to be illegal was a substantial motivating factor in Defendants' wrongful actions, including but not limited to the termination of his employment. Plaintiff further alleges that Defendants' actions were made with malice, oppression and/or fraud.

50. As a proximate result of Defendants' wrongful actions, Plaintiff has sustained the damages alleged herein, including but not limited to the following:

   a. Economic damages, including but not limited to lost past and future income and employment benefits, unpaid expenses and resulting penalties, and interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial;

   b. Non-economic damages, including but not limited to mental and emotional distress in a sum to be proven at trial; and

   c. Pursuant to Civil Code sections 1102.5(j), 1021.5, and 1032.5, plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

d. Defendants' conduct alleged herein constitutes malice, oppression, and/or fraud, under California Civil Code § 3294, and entitles Plaintiff to an award of exemplary and/or punitive damages.

**EIGHTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy - Against Defendant Intuit, Inc. and Does 1 to 100, Inclusive)**

51. The allegations set forth in the preceding paragraphs are realleged and incorporated herein by reference.

52. Defendants terminated Plaintiff's employment in violation of various and certain public policies underlying both state and federal laws. Plaintiff's employment was terminated for whole or in part because of his protected characteristic (i.e. disability, requesting a medical accommodation, and/or requiring bereavement leave) and his complaints of illegal activity. These actions were in violation of FEHA (Government Code § 12940, *et seq*.), Labor Code sections 1102.5, the California Constitution, and the Constitution of the United States of America.

53. On the basis of the above, Plaintiff alleges on information and belief that Defendants' actions were made with malice, oppression and/or fraud.

54. As a proximate result of Defendants' wrongful actions, Plaintiff has sustained the damages alleged herein, including but not limited to the following:

a. Economic damages, including but not limited to lost past and future income and employment benefits, unpaid expenses and resulting penalties, and interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to

be proven at trial;

b. Non-economic damages, including but not limited to mental and emotional distress in a sum to be proven at trial; and

c. Pursuant to Civil Code sections 1021.5 and 1032.5, Plaintiff is entitled to recover reasonable attorney's fees and legal expenses in an amount according to proof.

d. Defendants' conduct alleged herein constitutes malice, oppression, and/or fraud, under California Civil Code § 3294, and entitles Plaintiff to an award of exemplary and/or punitive damages.

**PRAYER**

WHEREFORE, plaintiff John Yoon prays for judgment against Defendants as follows:

2. For economic and non-economic damages according to proof;
3. For punitive damages according to proof;
4. For pre-judgment and post-judgment interest on all damages awarded;
5. For reasonable attorneys' fees;
6. For costs of suit incurred;
7. For such other and further relief as the Court may deem just and proper.

//

//

ADDITIONALLY, plaintiff John Yoon demands trial of this matter by jury. The amount demanded exceeds $35,000.00 (Government Code § 72055).

Dated: September 30, 2025

**DORIOTT, POSTAJIAN & SHAH, PC**

Andrew Doriott

Parth Shah, Esq.
Andrew Doriott, Esq.
Attorneys for Plaintiff, John Yoon