PHILIP I. PERSON (SBN 281496)
TAYANAH C. MILLER (SBN 299123)
KHUSHPREET K. CHOUMWER (SBN 355576)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Email: personp@gtlaw.com
Email: millerta@gtlaw.com
Email: khushpreet.choumwer@gtlaw.com

*Attorneys for Defendant*
INTUIT INC.

**THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN YOON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>INTUIT, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-03469<br><br>**DEFENDANT INTUIT INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>[Removed from the Superior Court of the State of California for the County of Santa Clara, Case No. 24CV446657.]<br><br>State Complaint Filed: September 4, 2024<br>Removed on: April 18, 2025 |

Defendant Intuit Inc. hereby answers the Second Amended Complaint ("SAC") filed by Plaintiff John Yoon as follows:

**PARTIES**

1. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 1 of the SAC, and, for that reason, denies those allegations.
2. Defendant admits that it is incorporated in Delaware with its principal place of business in Santa Clara County, California. Except as otherwise admitted, Defendant denies the allegations in Paragraph 2 of the Complaint.
3. Defendant admits that it employed Plaintiff. Except as otherwise admitted, Defendant denies the allegations in Paragraph 3 of the SAC.

**VENUE AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. The allegations in Paragraph 4 of the SAC are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations in Paragraph 4 of the SAC.
5. Defendant admits the allegations in Paragraph 5 of the SAC.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 6 of the SAC, and, for that reason, denies those allegations.
7. Defendant admits that it operates in Mountain View, California. Except as otherwise admitted, Defendant denies the allegations in Paragraph 7 of the SAC.
8. Defendant admits that it hired Plaintiff around December 7, 2020. Except as otherwise admitted, Defendant denies the allegations in Paragraph 8 of the SAC.
9. Defendant admits that Plaintiff reported to Dusan Bosnjakovic. Except as otherwise admitted, Defendant denies the allegations in Paragraph 9 of the SAC.
10. Defendant denies the allegations in Paragraph 10 of the SAC.
11. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 11 of the SAC, and, for that reason, denies those allegations.

12. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 12 of the SAC, and, for that reason, denies those allegations.
13. Defendant admits that in November 2022, Intuit announced that Wednesdays would be the anchor day for certain employees. Except as otherwise admitted, Defendant denies the allegations in Paragraph 13 of the SAC.
14. Defendant denies the allegations in Paragraph 14 of the SAC.
15. Defendant admits that in May 2023, Plaintiff requested medical leave. Except as otherwise admitted, Defendant denies the allegations in Paragraph 15 of the SAC.
16. Defendant admits that around July 2023, Plaintiff requested to work from Texas permanently. Except as otherwise admitted, Defendant denies the allegations in Paragraph 16 of the SAC.
17. Defendant denies the allegations in Paragraph 17 of the SAC.
18. Defendant denies the allegations in Paragraph 18 of the SAC.
19. Defendant admits that it granted Plaintiff an accommodation to work remotely until January 8, 2024. Defendant admits that Plaintiff did not request any further extension of his medical accommodations through the end of his employment. Except as otherwise admitted, Defendant denies the allegations in Paragraph 19 of the SAC.
20. Defendant denies the allegations in Paragraph 20 of the SAC.
21. Defendant denies the allegations in Paragraph 21 of the SAC.
22. Defendant denies the allegations in Paragraph 22 of the SAC.
23. Defendant admits the allegations in Paragraph 23 of the SAC.
24. Defendant denies the allegations in Paragraph 24 of the SAC.
25. Defendant denies the allegations in Paragraph 25 of the SAC.

**DAMAGES**

26. Defendant denies the allegations in Paragraph 26 of the SAC.
27. Defendant denies the allegations in Paragraph 27 of the SAC.
28. Defendant denies the allegations in Paragraph 28 of the SAC.
29. Defendant denies the allegations in Paragraph 29 of the SAC.
30. Defendant denies the allegations in Paragraph 25 of the SAC.

**FIRST CAUSE OF ACTION**

31. The allegations in Paragraph 16 [sic] of the SAC do not require a response; to the extent one is required, Defendant denies the allegations in Paragraph 16 of the SAC.
32. Defendant denies the allegations in Paragraph 17 [sic] of the SAC.
33. Defendant denies the allegations in Paragraph 18 [sic] of the SAC.
34. Defendant denies the allegations in Paragraph 19 [sic] of the SAC.

**SECOND CAUSE OF ACTION**

35. The allegations in Paragraph 20 [sic] of the SAC do not require a response; to the extent one is required, Defendant denies the allegations in Paragraph 20 of the SAC.
36. The allegations in Paragraph 21 [sic] of the SAC are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations in Paragraph 21 of the SAC.
37. Defendant denies the allegations in Paragraph 22 [sic] of the SAC.
38. Defendant denies the allegations in Paragraph 23 [sic] of the SAC.
39. Defendant denies the allegations in Paragraph 24 [sic] of the SAC.

**THIRD CAUSE OF ACTION**

40. Defendant denies the allegations in Paragraph 25 [sic] of the SAC.
41. Defendant denies the allegations in Paragraph 26 [sic] of the SAC.
42. Defendant denies the allegations in Paragraph 27 [sic] of the SAC.

**FOURTH CAUSE OF ACTION**

43. The allegations in Paragraph 28 [sic] of the SAC do not require a response; to the extent one is required, Defendant denies the allegations in Paragraph 28 of the SAC.
44. The allegations in Paragraph 29 [sic] of the SAC are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations in Paragraph 29 of the SAC.
45. Defendant denies the allegations in Paragraph 30 [sic] of the SAC.
46. Defendant denies the allegations in Paragraph 31 [sic] of the SAC.
47. Defendant denies the allegations in Paragraph 32 [sic] of the SAC.

48. Defendant denies the allegations in Paragraph 33 [sic] of the SAC.

**FIFTH CAUSE OF ACTION**

49. The allegations in Paragraph 34 [sic] of the SAC do not require a response; to the extent one is required, Defendant denies the allegations in Paragraph 34 of the SAC.
50. Defendant denies the allegations in Paragraph 35 [sic] of the SAC.
51. Defendant denies the allegations in Paragraph 36 [sic] of the SAC.
52. Defendant denies the allegations in Paragraph 37 [sic] of the SAC.

**SIXTH CAUSE OF ACTION**

53. The allegations in Paragraph 38 [sic] of the SAC do not require a response; to the extent one is required, Defendant denies the allegations in Paragraph 38 of the SAC.
54. Defendant admits the allegations of Paragraph 39 [sic] of the SAC.
55. Defendant admits that it employed grater than 50 employees within a seventy-five mile radius of Plaintiff's worksite. Except as otherwise admitted, Defendant denies the allegations in Paragraph 40 [sic] of the SAC.
56. Defendant denies the allegations in Paragraph 41 [sic] of the SAC.
57. Defendant denies the allegations in Paragraph 42 [sic] of the SAC.
58. Defendant denies the allegations in Paragraph 43 [sic] of the SAC.
59. Defendant denies the allegations in Paragraph 44 [sic] of the SAC.

**SEVENTH CAUSE OF ACTION**

60. The allegations in Paragraph 45 [sic] of the SAC do not require a response; to the extent one is required, Defendant denies the allegations in Paragraph 45 of the SAC.
61. The allegations in Paragraph 46 [sic] of the SAC are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations in Paragraph 46 of the SAC.
62. Defendant denies the allegations in Paragraph 47 [sic] of the SAC.
63. Defendant denies the allegations in Paragraph 48 [sic] of the SAC.
64. Defendant denies the allegations in Paragraph 49 [sic] of the SAC.
65. Defendant denies the allegations in Paragraph 50 [sic] of the SAC.

**EIGHTH CAUSE OF ACTION**

66. The allegations in Paragraph 51 [sic] of the SAC do not require a response; to the extent one is required, Defendant denies the allegations in Paragraph 51 of the SAC.

67. Defendant denies the allegations in Paragraph 52 [sic] of the SAC.

68. Defendant denies the allegations in Paragraph 53 [sic] of the SAC.

69. Defendant denies the allegations in Paragraph 54 [sic] of the SAC.

**PRAYER**

Defendant denies the allegations contained in the section of the SAC entitled "Prayer" and further deny that Plaintiff is entitled to any of the relief sought in the SAC including, but not limited to, the remedies set forth in subsections 2 through 7 of the same.

**AFFIRMATIVE DEFENSES**

Without waiving the foregoing general denial, Defendant asserts the following separate affirmative defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendant states that the Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

As a separate and second affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant states that Plaintiff's claims are barred because Plaintiff failed to exhaust administrative remedies required.

//

//

//

//

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable.

**FOURTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequence)**

As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiff's claims are barred by the equitable doctrine of avoidable consequences.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiff, is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiff as a result of his own acts and/or omissions, has waived any right which he may have had to recover, and/or is estopped from recovering, any relief sought against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiff's claims, if any, are barred for his failure, and/or the failure of the persons and/or entities acting on his behalf, to mitigate any purported damages.

/ /

/ /

**EIGHTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiff's claims are barred because it was unable to accommodate Plaintiff's alleged disability without undue hardship.

**NINTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Reason)**

As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiff's claims are barred because all of its actions were taken solely for legitimate business reasons unrelated to Plaintiff's alleged disability/leave of absence.

**TENTH AFFIRMATIVE DEFENSE**

**(Mixed-Motive)**

As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that it did not engage in the alleged discrimination set forth in the Complaint, but even if it did, Defendant would have taken the same employment action in any event for legitimate reasons.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Exclusive Remedy)**

As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that, to the extent Plaintiff makes claims for physical or emotional injury arising out of his employment, these claims are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California Workers' Compensation Act, California Labor Code section 3600 *et seq.*

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiff is not entitled to recover any punitive damages

because neither Defendant, nor any of its officers, directors, or managing agents engaged in any oppressive, fraudulent, or malicious conduct, nor authorized or ratified such conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Reliance)**

As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiff's claims are barred, in whole or in part, because Defendant reasonably relied on relevant agency opinions in taking any employment action against Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that the Complaint, and each and every purported cause of action and request for damages contained therein, is barred by the doctrine of after-acquired evidence.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Justification)**

As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that its actions toward Plaintiff were based on good, sufficient and legal cause, upon reasonable grounds for belief in their truth or justification, and were taken in good faith and without malice.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that it currently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unknown and unstated affirmative defenses available to it. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that it would be appropriate to do so.

DATED: October 30, 2025

**GREENBERG TRAURIG, LLP**

By: /s/ Tayanah Miller
Philip P. Person
Tayanah C. Miller
Khushpreet K. Choumwer

Attorneys for Defendant
INTUIT INC.