UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN YOON,

          Plaintiff,

      v.

INTUIT INC.,

          Defendant.

Case No.  25-cv-03469-BLF (VKD)

**ORDER RE DECEMBER 18, 2025 DISCOVERY DISPUTE RE LOCATION OF PLAINTIFF'S DEPOSITION**

Re: Dkt. No. 52

The parties ask the Court to resolve their dispute regarding the location of plaintiff John Yoon's deposition.  Dkt. No. 52.  The Court has found the dispute suitable for resolution without oral argument.  *See* Dkt. No. 54.

Defendant Intuit Inc. ("Intuit") wishes to take Mr. Yoon's deposition, in person, in San Franciso, California.  Dkt. No. 52 at 2, 3.  Mr. Yoon objects to the location of the deposition.  *Id.* He asserts that his home is in Dallas, Texas, and that he is currently unemployed.  *Id.* at 2.  He argues that "[t]ravel to San Francisco and lodging would be a significant and undue burden" for him, "particularly when his deposition can be conducted remotely."  *Id.*[1]  Intuit responds that, as the plaintiff, Mr. Yoon is expected to submit to deposition in the judicial district where the action is pending.  *Id.* at 3-4.  It also argues that Mr. Yoon's present representations about his purported residence in Dallas, Texas and the difficulty of travel to California are inconsistent with his previous representations and testimony in this action.  *Id.* at 4-5.

A plaintiff generally must make himself available for deposition in the forum district.

---

[1] Mr. Yoon says he is disabled, but he does not identify the nature of the disability or contend that the disability makes it difficult for him to travel to San Francisco, California.  Dkt. No. 52 at 2, 3.

*Music Grp. Macao Com. Offshore Ltd. v. Foote,* No. 14-cv-3078-JSC, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015).  However, the Court may, in its discretion, upon a showing of good cause, require a plaintiff's deposition to proceed in a different location.  *See* Fed. R. Civ. P. 26(c)(1) (A court may prescribe the time, place, and terms of the deposition "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994), *as amended* (July 25, 1994) ("A district court has wide discretion to establish the time and place of depositions.").  In making this determination, a court may consider the convenience of the parties and counsel, the convenience of the persons to be deposed, the likelihood of discovery disputes arising that would require resolution by the forum court, the burden and expense associated with a particular deposition location, and other factors.  *See Music Grp.*, 2015 WL 13423886, at *2.

Here, Mr. Yoon must show that requiring him to appear for deposition in this District (or in San Francisco, specifically) would be unduly burdensome, or that other circumstances support the entry of a protective order prescribing that his deposition occur in Dallas, Texas.  The Court considers the following relevant factors:

First, Mr. Yoon is properly subject to the general presumption that a plaintiff must submit to a deposition in the forum where he initiated the action.  Mr. Yoon initiated this action in state court in Santa Clara County, California.  Santa Clara County is within the boundaries of the Northern District of California.  Indeed, Mr. Yoon has represented in pleadings before both the state court and this Court that he "is, and at all times mentioned in this Complaint was, a resident of the County of Santa Clara, California."  *See* Dkt. No. 49 ¶ 1; Dkt. No. 1-2 at 10 ¶ 1; Dkt. No. 4 at 5 ¶ 1.  However, at Intuit's urging, the presiding judge found that Mr. Yoon has not lived in California since at least July 2023 and that he is, in fact, domiciled in Texas.  Dkt. No. 39 at 7; *see also* Dkt. No. 47 at 1 (parties stipulate and agree that "Plaintiff currently resides in Texas").  For purposes of this discovery dispute, the Court assumes Mr. Yoon continues to reside in Texas but that he chose to sue in California.

Second, Mr. Yoon has not shown that he would suffer any financial hardship were he required to travel to San Francisco for his deposition.  Although he asserts in the joint discovery

United States District Court
Northern District of California

dispute letter that he is currently unemployed and that such travel "would be a significant and undue burden," Mr. Yoon does not say explicitly that he cannot afford the expense of such travel.[2] And there is some reason to doubt that he could make such a representation. The record reflects that Mr. Yoon owns real property in Texas and has had at least some employment during the past 12 months. *See* Dkt. No. 39 at 7. Moreover, in connection with briefing on the motion to remand, Mr. Yoon signed a declaration under penalty of perjury attesting that his treating physician, with whom he has a long-standing and continuing relationship, is located in Santa Clara, California, and that as recently as November 5, 2025, Mr. Yoon was scheduled for an in-person visit with this physician "at his office" in Santa Clara, suggesting that Mr. Yoon travels with some frequency to California for this purpose. *See* Dkt. No. 33-1 at ¶¶ 2-3. Mr. Yoon suggests that, as a publicly traded corporation with billions in revenue, Intuit has superior resources, and therefore its counsel should be required to travel to Dallas, Texas if Intuit wishes to take his deposition in person. Dkt. No. 52 at 3. But comparative wealth is not a particularly relevant consideration if Mr. Yoon has not made an adequate showing of his own financial hardship in the first instance.

Third, Mr. Yoon has not shown that he has a disability or other medical condition that makes it difficult or unduly burdensome for him to travel to San Francisco for a deposition. While the operative complaint includes allegations regarding the nature of Mr. Yoon's claimed disability in 2022 and 2023, in the joint discovery dispute letter Mr. Yoon does not identify any current limitations (related to disability or otherwise) that impact his ability to travel to San Francisco for an in-person deposition.

Fourth, while the convenience of the parties and their counsel is a relevant consideration, the Court agrees with Intuit that Mr. Yoon's request that his deposition be conducted in Dallas, Texas appears to merely shift the inconvenience and expense of the deposition from him to Intuit and its counsel, with no saving of expense for his own counsel who would need to travel from Los

---

[2] The Court does not require submission of admissible evidence on this point, *see* Judge DeMarchi's Standing Order for Civil Cases, sec. 4 (limiting materials that can be submitted without leave in support of discovery dispute), but some factual explanation *is* required beyond mere conclusory assertions of undue burden.

Angeles, California to Dallas, Texas.  *See* Dkt. No. 52 at 2.

Accordingly, Mr. Yoon has not shown good cause for an order requiring Intuit to take his deposition in Dallas, Texas.

In the alternative, Mr. Yoon argues that Intuit should be ordered to take his deposition by remote means.  *Id.* at 2, 3.  Intuit opposes this alternative request on the ground that Mr. Yoon's credibility is an important factor in this case and a deposition by remote means does not afford it "the same opportunity for observation and assessment" of Mr. Yoon's demeanor as an in-person deposition.  *Id.* at 5.  While the Court agrees with Mr. Yoon that, given presently available technology, a party may obtain meaningful and accurate testimony by taking a remote deposition, it remains Mr. Yoon's burden to show good cause why the Court should require Intuit to take his deposition by remote means.  *See Kamradt v. Esurance Ins. Co.*, No. 22-cv-01445-TL, 2023 WL 8355892, at *2-3 (W.D. Wash. Dec. 1, 2023) (recognizing "the generalized prejudice associated with all remote depositions" and requiring plaintiff to show "good cause" for remote deposition), *modified on reconsideration*, No. 22-cv-01445-TL, 2023 WL 9187193 (W.D. Wash. Dec. 19, 2023).  For the same reasons described above, he has not shown good cause for such an order.

Given the nature of the claims asserted in this case, and the fact that Mr. Yoon is an important (if not the most important) witness with respect to his affirmative claims, the Court finds Intuit's argument on this point persuasive, and denies Mr. Yoon's alternative request that Intuit be required to depose him by remote means, if not in person in Dallas, Texas.  *See Music Grp.*, 2015 WL 13423886, at *3 (denying request that deposition of "critical witness" be conducted by videoconference, in part, because deposition by remote means prejudices a party's ability to assess a witness's credibility).

*** 

For the reasons explained above, the Court orders as follows:  Intuit may take Mr. Yoon's deposition in person in San Francisco, California, and he must travel to San Francisco for this purpose, absent stipulation of the parties to take his deposition in a different location or by remote means.

//

**IT IS SO ORDERED.**

Dated: January 20, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California