United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN YOON,

Plaintiff,

v.

INTUIT INC.,

Defendant.

Case No. 25-cv-03469-BLF (VKD)

**ORDER RE AUGUST 27, 2026 DISCOVERY DISPUTE RE SUBPOENA TO NON-PARTY ZIENTY**

Re: Dkt. No. 60

Plaintiff John Yoon and non-party Scott Zienty jointly request an "informal discovery conference" regarding Mr. Yoon's efforts to subpoena Mr. Zienty for deposition. Dkt. No. 60 at 1. As the Court has previously informed the parties, the Court's expedited discovery dispute resolution procedures do not contemplate "informal discovery conferences." *See* Dkt. No. 54 at 1. The Court construes the joint submission as a request to resolve Mr. Zienty's objections to the subpoena, pursuant to Rule 45(d)(3) and Rule 26(c) of the Federal Rules of Civil Procedure. This dispute is suitable for resolution without oral argument. Civil L.R. 7-1(b).

On September 5, 2025, the presiding judge adopted the parties' stipulated scheduling order setting July 1, 2026 as the deadline for non-expert fact discovery. Dkt. No. 45 at 2. On June 15, 2026, the parties filed a further stipulation regarding this deadline, stating:

> The current July 1, 2026 Non-Expert Fact Discovery Cut-Off shall remain in effect solely as the deadline by which new written discovery requests must be served and by which deposition notices or subpoenas for depositions must be served or issued; provided, however, <u>that any deposition noticed or subpoenaed on or before July 1, 2026 may be conducted after that date</u>, with the Parties to cooperate in good faith to schedule such depositions at mutually convenient times; and provided further, that nothing herein shall

> extinguish or otherwise limit any party's right to move to compel responses to written discovery requests that were properly served on or before July 1, 2026[.]

Dkt. No. 58 at 3-4 (emphasis added). The stipulation was accompanied by a joint request to continue the trial date and other pretrial deadlines. *Id.* at 4. The presiding judge granted the request to continue the trial date and other pretrial deadlines, with modifications, by order dated June 16, 2026. Dkt. No. 59. The June 16, 2026 order did not comment on or endorse the parties' further stipulation regarding the July 1, 2026 fact discovery deadline.

Mr. Yoon served a subpoena for Mr. Zienty's deposition Mr. Zienty on July 2, 2026, one day after the deadline to complete fact discovery and one day after the parties' own stipulated deadline to serve subpoenas. Dkt. No. 60 at 4. The subpoena is untimely. Although Mr. Yoon has known of Mr. Zienty's role in the litigation since before he filed this action, *see id.* at 2, and describes him as "the most important witness in this matter," *id.* at 3, he waited until the very end of the fact discovery period (and beyond) to attempt to obtain Mr. Zienty's deposition. Mr. Yoon has not identified good cause for relief from the deadline set in the scheduling order, but even if he could do so, an application for such relief must be addressed to the presiding judge who entered the scheduling order. *See Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984) ("The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial."); *see also Woods v. Google LLC,* No. 11-cv-01263-EJD (VKD), 2018 WL 5941122, at *2 (N.D. Cal. Nov. 14, 2018) (defendant failed to show good cause for seeking non-party discovery after fact discovery deadline).

Accordingly, the Court concludes that Mr. Zienty need not comply with Mr. Yoon's untimely deposition subpoena.

**IT IS SO ORDERED.**

Dated: August 28, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge